UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD LEE PAIVA, individually and on behalf of all others similarly situated

v.

PATRICIA COYNE-FAGUE, individually and in her capacity as the Director of the State of Rhode Island Department of Corrections,

Case Number: 20-cv-250-MSM-LDA

# FIRST AMENDED COMPLAINT

## PARTIES

1. Plaintiff, Richard Lee Paiva, is an inmate presently incarcerated at the Rhode Island Department of Corrections ("DOC") at the Maximum Security Prison.

2. Defendant Patricia Coyne-Fague (Coyne-Fague) is sued in her individual capacity and in her capacity as the Director of the State of Rhode Island Department of Corrections.

3. Defendant Coyne-Fague, as Director of the DOC, is statutorily responsible for management of the Rhode Island prison system, acting under color of law state law at all times relevant hereto in her various capacities, and the proximate cause of the ongoing deprivations of the rights secured to the Plaintiff and similarly situated class members by the constitution of the United States (US Constitution) asserted herein.

## JURISDICTION

4. Jurisdiction of this Honorable Court is proper under 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §§ 1983, 1988.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b)(2) in that a substantial part of the events or omissions giving rise to this claim occurred within the judicial district of Rhode Island.

1

## EXHAUTION OF LEGAL REMEDIES

6. Prior to the filing of this action, Plaintiff satisfied the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1977 by properly and timely filing a grievance in accordance with DOC policy # 13.10-4. With DOC staff who refused to process said grievance and returned it to him on two separate occasions. Plaintiff has also attempted to file his grievance with Defendant Coyne-Fague who refused to acknowledge receiving it.

## CLASS ACTION ALLEGATIONS

7. Plaintiff brings this action under Federal Rules of Civil Procedure 23 on behalf of a class defined as follows:

> All persons who have been incarcerated by the Rhode Island Department of Corrections who have had copy cost charged to them from their inmate accounts during the period the Defendant DOC failed to promulgate regulations authorizing the cost assessed under R.I.G.L. § 42-56-38.

8. Membership in the Plaintiff Class is so numerous that joinder of all members is impractical. There are thousands of people who were incarcerated by the DOC during the applicable limitations period.

9. Common questions of law and fact exist, including the overarching issue of whether the Defendant's failure to promulgate regulations under R.IG.L. § 42-56-38 and charge for copying cost violates the class members constitutional rights.

10. The claim and injury of Plaintiff is typical of the claims and injuries of the other members of the Plaintiff Class.

11. Plaintiff, and those similarly situated, have been charged for copying cost during their period of incarceration at the rates set forth herein by DOC's internal policy which addresses copying cost and are enforced by DOC despite DOC's failure to comply with the mandates of R.I.G.L. § 42-56-

38 and properly promulgate and file regulations pertaining to copying cost and each plaintiff and class member are injured by thereby.

12. These are the same injuries that members of the Plaintiff Class are suffering, and, unless this Court grants relief, will continue to suffer.

13. Plaintiff will fairly and adequately represent and protect the interests of the Plaintiff Class.

14. Plaintiff intend to prosecute this action vigorously in order to secure remedies for the Plaintiff Class. Counsel of record for Plaintiff is experienced in federal civil rights litigation and class actions, including systemic litigation against state defendants to include defendants herein.

15. Certification of the Plaintiff Class is appropriate pursuant to Fed. R. Civ. Proc. Rule 23(b)(1) because prosecution of separate actions by individual members of the Plaintiff Class against Defendants may establish incompatible standards of conduct for the Defendants. If the claims brought in this action were litigated numerous times, it is possible that some members of the Plaintiff Class would be entitled to greater relief than other members of the Plaintiff Class.

16. Alternatively, certification of both the Plaintiff Class is appropriate pursuant to Fed. R. Civ. Proc. Rule 23(b)(3) because the common questions of law and fact set forth above predominate over questions affecting individual class members (if any).

17. A class action is superior to other methods for fairly and efficiently adjudicating this controversy because it allows for the issue at bar to be litigated once and for the result of that litigation to be uniformly to all class members.

## FACTUAL BACKGROUND

18. Plaintiff Richard Lee Paiva is a citizen of the United States and the State of Rhode Island. He is serving a sentence of life imprisonment at the ACI.

19. Plaintiff asserts this action on his own behalf and on behalf of all other individuals who are similarly situated as him.

20. Defendant Coyne-Fague has a duty to faithfully execute the Constitution and laws of the State of Rhode Island as they apply to those under her charge, care and custody at the ACI and prevent the enforcement of policies and procedures at the ACI which are unconstitutional and abridge the rights of prisoners who are incarcerated at the ACI.

21. Defendant DOC has created a system pursuant to authority granted it under R.I.G.L. § 35-4-24 that creates inmate account and allows a prisoner to have money added into inmate accounts to purchase items that the Department, via contract, offers inmates for purchase to include items like video conference calls, commissary items, stamps, and the like.

22. Pursuant to R.I.G.L. § 42-56-10(5), the DOC shall "[m]anage, direct, and supervise the operations of the department" and Defendant Coyne-Fague as its Director sets policies and controls the management of inmate accounts at the DOC.

23. R.I.G.L. § 42-56-38 allows the Defendant DOC to charge the Plaintiff cost for items provided by the DOC to said inmates but states that the: "Costs shall be assessed by the director of corrections, or his or her designee, based upon each person's ability to pay, following a public hearing of proposed fee schedules."

24. Defendants DOC and Coyne-Fague has failed to promulgate any regulations setting cost of copying as is required under R.I.G.L. § 42-56-38 and unilaterally followed a policy set by DOC that set the cost of copying and allowed its collection despite being advised directly and through legal counsel that there was no authority for the amounts charged, with legal counsel for DOC itself claiming in correspondence dated February 26, 2020 that the statute mentioned above, R.I.G.L. § 42-56-38 created the authority to set and collect the copy charge, when DOC failed to follow it.

25. The Defendants' actions under this statute are Ultra Vires, in that it is taking money from the inmate accounts established under R.I.G.L. § 35-4-24 for copying cost without properly following the administrative procedures act.

26. Plaintiff and other inmates similarly situated, both currently incarcerated and released, from time to time arrange to have documents copied while prisoners and are required to pay 5 cents per page for single sided copy and 10 cents per page for double sided copies.

27. From time to time, Plaintiff, like those similarly situated, has money deposited into his prisoner account from individuals who are not incarcerated such as friends, and family members, with Plaintiff in particular having funds deposited in his account by friends.

28. The funds of Plaintiff and others similarly situated have been taken by the Defendants to pay for copying cost allegedly owed to the DOC.

29. The actions of the Defendants, in so taking the funds of Plaintiff and those similarly situated, deprived Plaintiffs' of their property prohibited by the Fifth Amendment of the United States Constitution.

30. The actions of the Defendants, in so taking the funds of Plaintiff and those similarly situated without following the mandates of R.I.G.L. § 42-56-38 constitute a violation of their rights to procedural due process.

31. The Defendant's actions in setting a rate for copying cost without holding a public hearing to assess cost associated therewith have deprived the Plaintiff and others similarly situated of their ability to act as an "interested person" to voice his objections during the rule-making process in violation of the First and Fourteenth Amendments of the United States Constitution.

32. The Plaintiff and those similarly situated have been injured thereby.

33. The conduct and actions of Defendant Coyne-Fague was motivated by evil motive or intent or undertaken in reckless or callous indifference to federally protected rights of the Plaintiff.

## COUNT I
## PROCEDURAL DUE PROCESS.

34. Plaintiffs incorporate by reference paragraphs 1-33 as if fully set forth herein.

35.     Defendant's policy deprives Plaintiff, and others similarly situated, of money that is otherwise in their inmate accounts is ultra vires, contravenes R.I.G.L. § 35-4-24(b).

36.     The Defendant's actions violate the rights of Plaintiff and those similarly situated under the Fifth and Fourteenth Amendments to the U.S. Constitution to the United States Constitution as applied to the states by the Fourteenth Amendment to the US Constitution and 42 U.S.C. §1983.

### COUNT II.
### VIOLATION OF FIRST AMENDMENT.

37.     Plaintiffs incorporate by reference paragraphs 1-36 as if fully set forth herein.

38.     The provisions of R.I.G.L. § 42-56-38 specifically state that: "Costs shall be assessed by the director of corrections, or his or her designee, based upon each person's ability to pay, following a public hearing of proposed fee schedules."

39.     Defendant's appropriation of Plaintiff's money from his inmate account to reimburse the DOC for the operational costs of the Inmate Accounts Office, without first promulgating the required fee schedule pursuant to the Administrative Procedures Act ("APA") contravenes R.I.G.L. § 42-56-38, and deprives Plaintiff, and other similarly situated, of their rights as an "interested person" to voice objections during the rule-making process in violation of the First Amendment as applied to the states by the Fourteenth Amendment to the US Constitution and 42 U.S.C. § 1983.

### COUNT III.
### VIOLATION OF TAKING CLAUSE

40.     Plaintiffs incorporate by reference paragraphs 1-39 as if fully set forth herein.

41.     Defendant's policy and practice of charging Plaintiff and other similarly situated of funds from their inmate account without properly promulgating rules as required by R.I.G.L. 42-56-38 deprives Plaintiff and those similarly situated of their property rights in violation of the Fifth Amendments as applied to the states by the Fourteenth Amendment to the US Constitution and 42 U.S.C. § 1983.

WHEREFORE, the Plaintiffs request that the Court provide the following relief:

    A.    Enter an order declaring that the Defendants have violated the provisions of R.I.G.L. § 42-56-38 and violated the First, Fourth and Fifth Amendments to the United States Constitution as applied to the states under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

    B.    Issue a corresponding permanent injunction preventing removal of funds from inmate accounts for copy cost until regulations called for under R.I.G.L. § 42-56-38 are promulgated and filed with the Rhode Island Secretary of State.

    C.    Award Plaintiff and class members amounts to reimburse them for sums removed from their inmate accounts unlawfully by or at the direction of the Defendants.

    D.    Award Plaintiffs their costs, including a reasonable attorney's fees under 42 U.S.C. § 1983.

    E.    Award such further relief as this Court deems fair and just.

> Plaintiff Richard Lee Paiva,
> Individually and on behalf of all other's similarly situated.
>
> By his attorney,
>
> /s/ Sonja L Deyoe
> Law Offices of Sonja L Deyoe
> 395 Smith Street
> Providence, RI 02908
> Tel (401) 864-5877
> Fax (401) 354-7464
> SLD@the-straight-shooter.com

## CERTIFICATION

I hereby certify that on the 15th day of July, 2020, a true copy of this document was filed electronically using the CM/ECF system.

                                          /s/ Sonja L Deyoe  
                                      Sonja L Deyoe  #6301