UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| RICHARD LEE PAIVA,<br>    Plaintiff,<br><br>    v.<br><br>PATRICIA COYNE-FAGUE and<br>RHODE ISLAND DEPARTMENT OF<br>CORRECTIONS<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 20-250-MSM-LDA |

ORDER

Mary S. McElroy, United States District Judge.

This case is before the Court on the defendants' Motion to Dismiss (ECF No. 13) Richard Lee Paiva's ("Mr. Paiva") Amended Complaint (ECF No. 9).   Plaintiff, an inmate at the Rhode Island Department of Corrections ("RIDOC"), filed a pro se complaint in this Court alleging that fees he was required to pay for copying legal documents violated his constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments. Mr. Paiva has asked this court to find that the imposition of a $0.05 per page charge for copies of legal documents  violated his procedural due process rights under the Fifth and Fourteenth Amendments while his inability to voice an objection to the rule making process through which the RIDOC arrived at the fee structure violated his First Amendment Rights.  Finally, he asserts that the taking by RIDOC of money from his account to pay for legal copies violated his rights pursuant to the takings clause of the Fifth Amendment.

To survive a Motion to Dismiss under Fed.R.Civ. P. 12(b)(6), a plaintiff must set forth a "plausible claim."  That means s/he must "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. … The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully" *Ashcroft v. Iqbal,* 566 U.S. 662, 678 (2009).  The reviewing court must assume the truth of all "well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom."  *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008).

In the First Count of the Amended Complaint (ECF. No. 9), Mr. Paiva alleges that the RIDOC's policy of charging fees for copying legal material violates his due process rights.  To state a cognizable due process claim, he must allege an interference with, or a deprivation of a property interest protected by the due process clause, and the denial of sufficient procedural safeguards to protect against unjustified deprivations. *Parratt v. Taylor*, 451 U.S. 527 (1981).  The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." *Baker v. McCollan,* 443 U.S. 137, 145 (1979).  Mr. Paiva acknowledged in his complaint that he challenged these deductions through the grievance process set up by the prison. (ECF No. 9 ¶6).  The existence of the state remedy defeats any claim he has that he was deprived of property without due process.  "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the

procedural requirements of the Due Process Clause of the Fourteenth Amendment if

a meaningful post deprivation remedy for the loss is available." *Hudson v. Palmer*,

468 U.S. 517, 533, (1984).[1]

In the second count of his complaint, Mr. Paiva alleges that the RIDOC's

deduction of money from his inmate account to cover the cost of copying legal

materials without first promulgating the required fee schedule pursuant to the

Administrative Procedures Act ("APA") and without allowing interested parties to

voice their objections constituted a violation of the First Amendment as applied to

the states by the Fourteenth Amendment as well as 42 U.S.C. §1983. (ECF No. 9,

¶39). This failure, according to the plaintiff, contravenes R.I.G.L. §42-56-38 which

permits the RIDOC to assess costs to prisoners "following a public hearing of

proposed fee schedules." *Id.*

While the RIDOC is not exempted from the state's APA, *L'Heureux v. State*

*Dept. of Corrections,* 708 A.2d 549, 551 (R.I. 1998), the Act by its terms does not

apply to "rule making dealing with the internal affairs of the [Adult Correctional

Institutions] by the DOC." *Id. a*t 552-53. Therefore, Mr. Paiva's complaint that he

was denied procedural due process by the failure of DOC to promulgate copying

charges in accordance with the APA lacks merit.[2] Nor could there be a denial of a

---

[1] Because the petitioner had a meaningful post deprivation process of review
available to him through the prison system which satisfied procedural due process
requirements, we do not reach the issue of whether Mr. Paiva could file a state tort
action notwithstanding Rhode Island's civil death statute (R.I.G.L. § 13-6-1).
[2] There is no direct claim here that Mr. Paiva's right to meaningful access to the
courts is impaired. He has, in any event, not demonstrated the relationship
between the seemingly nominal copying charge and denial of such access. *See*

"right to express one's self" at a hearing that was not required by the APA to be held. *Cf. Chase v. Wall,* No. C.A. 12-112-ML, 2012 WL 4591671, at *3 (D.R.I. Oct. 2, 2012) (no First Amendment right of the public to express themselves about governmental policy).

Mr. Paiva's complaint that RIDOC failed to hold a hearing and publish a schedule of costs in compliance with R.I.G.L. § 42-56-38 is similarly unavailing. While not defining "costs related to commitment," which Mr. Paiva contends includes copying charges, the scope of those costs is informed by the enumeration of the examples of "physical services and commodities such as food, medical, clothing and specialized housing, as well as social services such as specialized supervision and counseling." Copying cannot fairly be inferred to be such a "cost[] related to commitment." Instead, the copying charge is more like the charge for a commodity that the prisoner buys from the institution, just like he or she might buy a soda from a vending machine; the prisoner receives from DOC the copy which he or she has purchased.

Finally, while Mr. Paiva may believe that a charge of $0.05 per page is too high, it cannot be considered a "taking" because he received something of value for that small charge. *See Reynolds v. Wagner*, 128 F.3d 166, 180 (3rd Cir. 1997) (upholding small charge in return for medical services). *Accord, Botelho v. Wall,*

---

*Cookish v. Rouleau,* No. Civ. 02-526-B, 2004 WL 443208, at *5 (D.N.H. March 11, 2004) (no demonstration of causal connection and, moreover, charge of $0.10 per page would not unreasonably burden the right of access).

No. 05-338-S, ECF No. 14 at p. 6 (D.R.I. 2006) (Report and Recommendation accepted by *Botelho v. Wall,* 2006 WL 889208 at *1 (D.R.I. March 29, 2006)) (copay deducted from inmate account was not a "taking" because it was a reimbursement for something of value received).  Therefore, the Motion to Dismiss (ECF No. 13) is GRANTED.

IT IS SO ORDERED.

Mary S. McElroy
United States District Judge

August 19, 2021